## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 18 2020, 7:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael P. DeArmitt
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Steven Hosler
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lloyd Owen May, III,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 18, 2020

Court of Appeals Case No.
20A-CR-1170

Appeal from the Bartholomew
Superior Court

The Honorable James D. Worton,
Judge

Trial Court Cause No.
03D01-1907-F5-3852

**Pyle, Judge.**

## Statement of the Case

Lloyd Owen May III ("May") appeals the four and one-half (4½) year sentence imposed after he pled guilty to Level 5 felony intimidation.[1] His sole argument is that his sentence is inappropriate in light of the nature of the offense and his character. Concluding that May's sentence is not inappropriate, we affirm the trial court.

We affirm.

## Issue

> Whether May's sentence is inappropriate in light of the nature of the offense and his character.

## Facts

In July 2019, Steven Eubanks ("Eubanks") saw May sitting in front of Eubanks' neighbor's front door. As Eubanks approached his neighbor's house to confront May, Eubanks noticed that May had plugged his cell phone into an exterior outlet on the neighbor's house. Eubanks told May to stop stealing electricity and to leave the neighbor's property. May stood up, pulled a knife out of his pocket, and swung the knife less than an inch away from Eubanks' face while threatening to "cut [Eubanks] up." (App. Vol. 2 at 18). May also threatened to return and burn down the neighbor's house. As he walked away

---

[1] I.C. § 35-45-2-1.

from the neighbor's house, May turned around and yelled, "I'll be back." (App. Vol. 2 at 18). Eubanks contacted the police, who located May near the neighbor's house. May admitted that he had used methamphetamine that day.

[4] The State charged May with Level 5 felony intimidation, Level 6 felony possession of methamphetamine, Level 6 felony unlawful possession of a syringe, and Class A misdemeanor resisting law enforcement. In April 2020, May pled guilty to Level 5 felony intimidation, and the State dismissed the remaining charges.

[5] At May's sentencing hearing, May's pre-sentence investigation report revealed that May has an extensive criminal history that includes eight prior felony convictions and twelve prior misdemeanor convictions. The felony convictions, which occurred in both Indiana and Florida, include multiple convictions for intimidation as well as convictions for strangulation, possession of a controlled substance without a prescription, possession of a weapon, and receiving stolen property. The misdemeanor convictions include multiple convictions for battery and resisting law enforcement. May's pre-sentence investigation report also revealed multiple probation violations and that May had had the opportunity to participate in substance abuse treatment outside of a penal facility and had not successfully completed the treatment program. In addition, May was on parole for a prior intimidation conviction when he committed the intimidation offense in this case. The State further pointed out that May had accrued two jail violations for battery and one jail violation for intimidation while incarcerated for the offense in this case.

At the end of the sentencing hearing, the trial court sentenced May to four and one-half (4½) years in the Department of Correction. May now appeals his sentence.

## Decision

May argues that his sentence is inappropriate. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The defendant bears the burden of persuading this Court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether we regard a sentence as inappropriate turns on the "culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

The Indiana Supreme Court has further explained that "[s]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Id.* at 1222. "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[9] When determining whether a sentence is inappropriate, the advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Childress*, 848 N.E.2d at 1081. Here, May pled guilty to a Level 5 felony. The sentencing range for a Level 5 felony is one (1) to six (6) years, and the advisory sentence is three (3) years. IND. CODE § 35-50-2-6. Here, the trial court sentenced May to four and one-half (4½) years, which is less than the maximum sentence.

[10] Regarding the nature of the offense, we note that when Eubanks asked May to leave Eubanks' neighbor's property, May stood up, pulled a knife out of his pocket, and swung the knife less than an inch away from Eubanks' face while threatening to "cut [Eubanks] up." (App. Vol. 2 at 18). May also threatened to return and burn down the neighbor's house.

[11] As for May's character, May has an extensive criminal history that includes eight prior felony convictions and twelve prior misdemeanor convictions. Several of the felony convictions were for intimidation, which is the offense to which May pled guilty in this case. In addition, May accrued three jail violations, including one for intimidation, while incarcerated for the offense in this case. May's former contacts with the law have not caused him to reform himself. *See Jenkins v. State*, 909 N.E.2d 1080, 1086 (Ind. Ct. App. 2009), *trans. denied*. May has failed to persuade this Court that his four and one-half (4½) year sentence is inappropriate.

[12]    Affirmed.

Vaidik, J., and Brown, J., concur.